Case 2:12-cv-00340-JCM -RJJ   Document 21   Filed 09/26/12   Page 1 of 7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALDEN HALPERN,

    Plaintiff(s),

v.

LIGHTYEAR NETWORK SOLUTIONS, INC.,

    Defendant(s).

2:12-CV-340 JCM (RJJ)

**ORDER**

Presently before the court is defendant Lightyear Network Solutions, Inc. fka Libra Alliance Corporation's ("Lightyear") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9. (Doc. # 11). Plaintiff Alden Halpern has filed an opposition (doc. # 12), requesting that the court deny the motion to dismiss, and alternatively, grant plaintiff leave to amend should the motion to dismiss be granted. Defendant has replied. (Doc. # 13).

**I.      Background**

The facts alleged in the complaint establish that the instant dispute centers around shares of Lightyear. (Doc. # 1). On or about June 24, 2009, plaintiff invested $100,000 in Lightyear (then known as LY Holdings, LLC). (Doc. # 1, 2:25). On or about August 27, 2009, plaintiff invested an additional $150,000 after defendant allegedly assured him that he would be able to obtain free trading shares in the company. (Doc. # 1, 2:27).

. . .

**James C. Mahan**
**U.S. District Judge**

1    On or about March 11, 2010, defendant changed its name to Libra and plaintiff's total
2  investment of $250,000 was transferred to Libra. (Doc. # 1, 3:4). On or about that same date,
3  plaintiff was issued 157,406 restricted shares of Libra, with a 12 month restriction. (Doc. # 1, 3:4-5).
4    On or about March 24, 2010, plaintiff was issued 44,019 unrestricted shares. (Doc. # 1, 3:10).
5  On or about June, 2010, plaintiff received the stock certificate for the unrestricted shares and his
6  broker requested that defendant attest to its authenticity. (Doc. # 1, 3:12-14). On or about August 6,
7  2010, defendant confirmed authenticity of the unrestricted shares through its general counsel. (Doc.
8  # 1, 3:15-16).
9    On or about September 13, 2010, plaintiff contends that he received notice that the restricted
10 shares could not be sold or deposited into his brokerage account, and that the unrestricted shares
11 could not be sold because defendant was not DTC[1] eligible. (Doc. # 1, 3:20-22). Around March,
12 2011, the restricted shares became unrestricted but plaintiff alleges he was unable to sell them
13 because defendant was not DTC eligible, thus precluding them from being "free trading." (Doc. #
14 1, 3:23-25).
15   Plaintiff requested defendant buy back the shares at the market value they held on the date
16 plaintiff unsuccessfully attempted to sell them. (Doc. # 1, 3:26-28). Defendant did not respond to
17 the request. (Doc. # 1, 3:28). Plaintiff then registered the shares, but their market value had
18 substantially decreased by that time. (Doc. # 1, 4:1-2). Plaintiff contends that the sole reason he
19 invested in defendant was because defendant assured him the shares would be freely tradable, which
20 the plaintiff maintains requires DTC certification. (Doc. #1). This federal suit now follows.
21   Plaintiff's complaint contains three claims and three causes of action. These include: (1)
22 fraud in connection with the sale of securities; (2) fraud in the offer or sale of securities; (3) negligent
23 misrepresentation in the offer or sale of securities; (4) unlawful sale of a security by means of a

---

[1] DTC refers to the Depository Trust & Clearing Corporation- "a member of the U.S. Federal Reserve System, a limited-purpose trust company under New York State banking law and a registered clearing agency with the Securities and Exchange Commission." Depository Trust & Clearing Corporation, http://www.dtcc.com/about/subs/dtc.php (last visited Sept. 20, 2012).

James C. Mahan
U.S. District Judge

- 2 -

scheme to defraud; (5) fraudulent misrepresentation; and (6) negligent misrepresentation.

**II.     Discussion**

      **A.  Standard of Review**

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)(citation omitted)).

. . .

. . .

**B. Analysis**

*(1) Fraud in Connection with the Sale of Securities*

To state a claim under Section 10(b), a plaintiff "must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Thompson v. Paul*, 547 F.3d 1055, 1061 (9th Cir. 2008) (quoting *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta,* 552 U.S. 128 S.Ct. 761 (2008)).

"At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b–5 must [also] satisfy the dual pleading requirements of FRCP 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA")." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). The PSLRA states that "the complaint shall specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4.

Plaintiff's claim does not satisfy the *Stoneridge* standard for a section 10(b) claim under the heightened pleading requirements of Rule 9. Plaintiff fails to allege facts with sufficient particularity and specificity necessary to meet the pleading standard for fraud causes of action. Instead, the allegations mirror the type of "formulaic recitations" that the Supreme Court criticized in *Twombly*. *See Twombly*, 550 U.S. at 555. Plaintiff fails to name the parties involved in the alleged initial communication or specify their position of responsibility, and also omits when and through what method the misrepresentation occurred.

In addition, the more specific claim regarding the representation by defendant's general counsel cannot satisfy the pleading standard because that correspondence would not have been the initial information relied upon by plaintiff, as it occurred long after the investments were made. Because plaintiff's allegations lack the "the who, what, when, where, and how" of the alleged fraud, the claim must fail. *See Vess*, 317 F.3d at 1106.

*(2) Fraud in the Offer or Sale of Securities*

Plaintiff, in his reply to defendant's motion to dismiss, voluntarily dismisses his claim for fraud in the offer or sale of securities. Thus, the court turns to the next claim in plaintiff's complaint.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*(3) Negligent Misrepresentation in the Offer or Sale of Securities*

"Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). "Fraud is . . . an 'essential element' of a negligent misrepresentation claim." *Scaffidi v. United Nissan,* 425 F. Supp. 2d 1159, 1169 (D. Nev. 2005). Further, "Rule 9 applies to actions brought under the federal securities laws." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

Plaintiff's claim is "sounded" in fraud and should be held to the higher pleading standard of Rule 9. *See Vess*, 317 F.3d at 1104. Additionally, plaintiff's claim of negligent misrepresentation is brought under the Securities Act, to which Rule 9 applies. *See Yourish*, 191 F.3d 983 at 993. As explained above, plaintiff's complaint is vague and fails to specify *who* made the representation, *when* and *where* the representation was made, or *how* it was made. Accordingly, the court finds that this claim fails to sufficiently meet the pleading standard of Rule 9.

*(4) Other Causes of Action*

In addition to the above claims, plaintiff asserts three state law causes of action against defendant for unlawful sale of a security by means of a scheme to defraud, fraudulent misrepresentation, and negligent misrepresentation.

Plaintiff's federal securities law claims ((1) fraud in connection with the sale of securities; (2) fraud in the offer or sale of securities; and (3) negligent misrepresentation in the offer or sale of securities) provide the sole basis for federal subject matter jurisdiction in this case. Having dismissed the claims over which the court had original jurisdiction, the court exercises its discretion to decline supplemental jurisdiction over plaintiff's remaining state law causes of action. 28 U.S.C. § 1367(c)(3) ("The district courts *may* decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction.") (emphasis added); *see also Wade v. Regional Credit Association,* 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for

**James C. Mahan**
**U.S. District Judge**

- 5 -

resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."); s*ee also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.")

### C. Leave to Amend

In the opposition to defendant's motion to dismiss, plaintiff requested leave to amend. (Doc # 10, 16:15-16). Under Rule 15(a)(2) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15. In general, amendment should be allowed with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint, leave to amend should be granted. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Accordingly, the court shall afford plaintiff an opportunity to amend his complaint. The court reminds plaintiff that if he chooses to amend his complaint, he must comply with the requirements of Local Rule 15-1 and attach the proposed amended complaint to a motion to amend pleadings. Additionally, if the amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile.

### III. Conclusion

Plaintiff has failed to state a claim upon which relief could be granted in his federal securities claims. Plaintiff will be given leave to amend. Should he choose to amend, plaintiff shall plead to the higher standard of Rule 9.

In light of the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 11) be, and the same hereby is, GRANTED as to plaintiff's Section 10(b) claim and plaintiff's negligent misrepresentation in the offer or sale of securities claim. These claims are

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  dismissed without prejudice.

2  IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's claim for fraud in the offer or sale of securities, (doc. # 11) be, and the same hereby is, DENIED AS MOOT because plaintiff voluntarily dismissed this claim.

5  IT IS FURTHER ORDERED that defendant's motion to dismiss as to plaintiff's state law claims (doc. # 11) be, and the same hereby is, DENIED AS MOOT as this court declines at present to exercise supplemental jurisdiction over plaintiff's state law claims.

8  LASTLY, IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file the motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order.

11  DATED September 26, 2012.

_____
**UNITED STATES DISTRICT JUDGE**