# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALDEN HALPERN,

    Plaintiff(s),

v.

LIGHTYEAR NETWORK SOLUTIONS, INC.,

    Defendant(s).

2:12-CV-340 JCM (RJJ)

## ORDER

Presently before the court is plaintiff Alden Halpern's motion to file first amended complaint. (Doc. # 22). Defendant Lightyear Network Solutions, Inc. fka Libra Alliance Corporation has filed a response (doc. # 24), to which plaintiff has replied (doc. #25).

**I.     Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

**James C. Mahan**
**U.S. District Judge**

1   Although, "[n]ot all of the factors merit equal weight." *Eminence Capital v. Aspeon*, 316
2   F.3d 1048, 1052 (9th Cir. 2003). Prejudice is the prominent inquiry, and "absent prejudice, or a
3   strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule
4   15(a) in favor of granting leave to amend." *Eminence Capital,* 316 F.3d at 1052 (citing *see*
5   *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997))(emphasis in original). In
6   addition to the Rule 15(a) requirements, the local rules of federal practice in the District of
7   Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to
8   amend. LR 15-1(a).

9   **II.   Discussion**

10  Here, plaintiff wishes to amend his complaint to reassert five of his six original claims,
11  (doc. # 22, 16-21), and plaintiff has attached his proposed amended complaint with his motion in
12  compliance with LR 15-1(a). Previously, this court granted in part defendant's motion to dismiss,
13  dismissing claims one and three without prejudice. (Doc. # 21, 6:26-7:1). In regards to claims
14  two, four, five, and six, the motion to dismiss was denied as moot. (Doc. # 21, 7:2-7).

15  The court's order held that the first claim, fraud in connection with the sale of securities
16  under sections 10(b) and 10(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act")
17  (doc. # 1, 2:3-4), failed to meet the heightened pleading requirements of Rule 9 of the Federal
18  Rules of Civil Procedure ("FRCP").[1] (Doc. # 21, 4:14). Similarly, the third claim, negligent
19  misrepresentation in the offer or sale of securities under sections 5(a) and 5(c) of the Securities
20  Act of 1933 (doc. #1, 2:7-8), also failed to meet the standards of Rule 9. (Doc. # 21, 5:13). The
21  second claim, fraud in the offer or sale of securities under sections 17(a) and 17(b) of the
22  Exchange Act (doc. #1, 2:5-6), was moot because the plaintiff voluntarily dismissed it. (Doc. #
23  21, 4:27-28). Lastly, claims four, five, and six, violation of N.R.S. § 90.570 for the unlawful sale
24  of a security by means of a scheme to defraud, fraudulent misrepresentation, and negligent
25  misrepresentation, respectively (doc. #1, 7:19-20, 9:1-2, 10:1-2), were moot because the court

26

27  ---
    [1] The court found that the complaint lacked the requisite "who, what, when, where and how" of fraud allegations.
28  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**                                                    - 2 -

declined to exercise supplemental jurisdiction and all the federal claims had been dismissed. (Doc. # 21, 5:16-6:4).

Now, plaintiff has pleaded additional facts regarding the representations and assurances made by defendant in attempts to satisfy the heightened pleading requirements of a securities fraud claim. (Doc. # 22, 4:12-16).

When a party endeavors in good faith to meet the heightened pleading requirements of a securities fraud claim, complies with court guidance, and has a reasonable chance of successfully stating a claim if given another opportunity, leave to amend should be granted. *See Eminence Capital,* 316 F.3d at 1053 (reversing a dismissal with prejudice on a motion to amend a complaint). For a securities fraud claim, meeting both the heightened pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "present[s] no small hurdle for the . . . plaintiff." *In re VeriFone Holdings, Inc. Securities Litigation*, No. 11-15860, 2012 WL 6634351, at *3 (9th Cir. May 17, 2012).

This is especially true for the scienter requirement. *See Tellabs v. Makor Issues & Rights,* 551 U.S. 308, 321-23 (2007) (the Supreme Court heightened the pleading requirement for scienter to a strong inference standard). Following *Tellabs* this circuit defined the "ultimate question" in regards to scienter as "whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity." *In re VeriFone*, 2012 WL 6634351, at *5 (citing *Gebhart v. SEC,* 595 F.3d 1034, 1042 (9th Cir. 2010)). However, even before the pleading standard of scienter was heightened, this circuit recognized that for a claim of securities fraud "drafting a cognizable complaint can be a matter of trial and error." *Eminence Capital*, 316 F.3d at 1052.

Defendant opposes plaintiff's motion on the basis that the proposed first amended complaint still fails to state a claim upon which relief can be granted, and is thus, futile. (Doc. # 24, 2:7-9). The defendant does not find fault in any of the more weighty *Foman* factors, such as prejudice.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff has improved his pleadings in this first amended complaint.[2] The court recognizes that plaintiff is endeavoring, in good faith, to meet the heightened pleading requirements and to comply with court guidance. *See Eminence Capital,* 316 F.3d at 1053. While the defense purports a strong opposition, the court, evaluating the motion under the liberal standard of Rule 15, does not find the instant motion to amend to be futile. Further, the court does not see any of the other *Foman* factors currently at work.

### III.   Conclusion

Acknowledging the extreme liberality courts exercise in granting leave to amend complaints, especially in regards to security fraud claims,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to amend his complaint (doc. # 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff file his proposed amended complaint (doc. # 22-A) within ten (10) days of entry of this order.

DATED January 23, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Like in *Eminence*, the plaintiff has improved upon the requisite who, what, when and where. 316 F.3d at 1053. However, "how" or the scienter requirement, demands more than conclusory statements. The facts accepted as true and taken collectively must give rise to a strong inference of scienter and show that the defendant either knew his statements were false, or was reckless in his actions.